**IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**

| | |
|---|---|
| CAROLYN SCOTT<br>22 Cheltenham Court<br>Owings Mills, Maryland 21117 | *<br><br>* |
| Named Plaintiff, | * |
| v. | *   Case No. _____ |
| ASSET ACCEPTANCE, LLC<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 | *<br><br>* |
| Serve On: | * |
| Resident Agent<br>CSC- Lawyers incorporating Service Company<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland 21202 | *<br><br><br>* |
| | * |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

The Named Plaintiff Carolyn Scott ("Named Plaintiff") on her own behalf and on behalf of all others similarly situated files this Class Action Complaint and Demand for Jury Trial through her counsel, Jane Santoni of Williams & Santoni, LLP and Scott C. Borison of Legg Law Firm, LLC, and for cause states:

1. The Named Plaintiff files this Complaint against the Defendant, Asset Acceptance, LLC ("Asset Acceptance") for violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et. seq. ("FDCPA"), the Maryland Consumer Debt Collection Practices Act MD. CODE ANN. COM. LAW § 14-201 et. seq., and the Maryland Consumer Protection Act, MD. CODE ANN. COM. LAW § 13-101 et. seq.

2. The Named Plaintiff and others similarly situated were sued on debts allegedly owing

to Asset Acceptance, LLC and Asset Acceptance, LLC materially misrepresented the amount of principal owing in these suits by including additional interest and fees incurred in their calculation and definition of principal and adding interest charges when they failed to comply with the requirements of the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") to be permitted to legally charge interest on the obligation.

## PARTIES

3. Named Plaintiff is a resident of Maryland, is a natural person and a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Asset Acceptance is a licensed debt collector in the state of Maryland with its principal office in Delaware and regularly conducts business and sues consumers in Baltimore City, Maryland. Asset Acceptance is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6) and a "collector" as defined in MD. CODE ANN, COM. LAW § 14-201(b).

5. The debts at issue in the present case arise out of consumer transactions as defined by MD. CODE ANN, COM. LAW § 14-201(c).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 6-103(b), because Asset Acceptance transacts business and performs work and provides services in Maryland, regularly does and solicits business in Maryland, and engages in other persistent courses of conduct in Maryland.

7. Venue is proper in this Court under MD. CODE ANN., CTS. & JUD. PROC. § 6-201, because Asset Acceptance carries on regular business in Baltimore City, Maryland.

## FACTUAL ALLEGATIONS

8. Named Plaintiff purchased a Dell Computer in approximately August 2007 for personal, household and family purposes. She paid approximately $688.79 for this computer and obtained financing for the purchase through Dell Financial Services.

9. Named Plaintiff believed that she had paid this debt off completely when she received notice of the suit filed by Defendant Asset Acceptance on January 31, 2014. Please see Defendant's Complaint attached as **Exhibit A**.

10. Named Plaintiff never voluntarily entered into a contract with Asset Acceptance, LLC for purchase of a Dell Computer nor did she ever make payments to Asset Acceptance for purchase of a Dell Computer.

11. Defendant Asset Acceptance alleged in its complaint that it had a right to collect on the Named Plaintiff's account with Dell Financial Services because it had been sold the account through a chain of ownership from CIT Online Bank to Web Bank on November 12, 2009; from Web Bank to Dell Financial Services on January 7, 2011; and then finally from Dell Financial Services to Asset Acceptance on June 4, 2012. *Id.*

12. In the Defendant's complaint it claimed that the Named Plaintiff owed $2,123.44 in principal, and $176.76 in interest (calculated at the legal rate of six percent).

13. Defendant's complaint alleged the date of charge off as July 5, 2010. *Id.*

14. The accounting attached to the Defendant's complaint shows the original purchase price of the computer and amount financed by the Named Plaintiff to be $688.79 and the amount alleged owing in the Defendant's complaint, far in excess of this amount, includes finance charges, late fees, and other expenses in addition to the original purchase price of the computer.

15. The Defendant did not provide a copy of the original financing agreement for the Dell computer evidencing the contractual rate of interest on the purchase or the applicable late fees.

16. The Defendant's Complaint for Affidavit Judgment was filed pursuant to Md. Rule § 3-306(a)(7) which specifically defines "principal" as "the unpaid balance of the funds borrowed, the credit utilized, the sales price of goods or services obtained…It does not include interest, fees, or charges added to the debt or obligation by the original creditor or any subsequent assignees of the consumer debt."

17. By misclassifying the principal amount alleged owing as $2,123.44 (including interest and other fees) the Defendant was able to add prejudgment interest at the legal rate based on a higher principal amount owing than the actual principal balance owing according to the statutory definition.

18. The Defendant, by knowingly misrepresenting the amount of principal owing, has been allowed to obtain a windfall from the Named Plaintiff and those similarly situated by claiming prejudgment interest on an artificially inflated principal amount.

19. By misclassifying the amount owing inclusive of interest and fees as "principal" the Named Plaintiff and those similarly situated have been harmed by bearing the burden of potentially significant tax penalties as forgiven principal debt which must be reported to the Internal Revenue Service pursuant to 26 C.F.R. § 1.6050P-1.

20. Additionally, the Defendant has claimed the right to collect interest when it has not complied with the prerequisites established by the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et. seq. Therefore, the Defendant has claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist.

## CLASS ACTION ALLEGATIONS

21. The Named Plaintiff brings this action individually and on behalf of all persons similarly situated, known as the Interest Overcharge class.

22. The Interest Overcharge class consists of:

   **(a) All persons sued by the Defendant debt buyer Asset Acceptance;**

   **(b) In the Maryland District Courts;**

   **(c) In the last three years;**

   **(d) For an alleged amount claimed as "principal" inclusive of interest and other fees; and**

   **(e) For which additional prejudgment interest was claimed.**

23. The Interest Overcharge class, as defined above, is identifiable. The Named Plaintiff is a member of the Interest Overcharge class.

24. The Interest Overcharge class consists, at a minimum, of hundreds or possibly thousands of persons who had charged-off accounts that were then sold to debt buyer Defendant Asset Acceptance.

25. There are questions of law and fact which are not only common to the Interest Overcharge class but which predominate over any questions affecting individual class members. The common and predominating questions include, but are not limited to:

   (a) Whether Asset Acceptance by misrepresenting the amount allegedly due on charged-off accounts as "principal" even though these "principal" amounts included additional interest and fees was a "false representation of the character, amount, or legal status of any debt" in violation of 15 U.S.C. §1692(e)(2)(A).

(b) Whether Asset Acceptance by attempting to collect additional prejudgment interest on an amount represented as "principal" that included interest and other fees was an attempt to "enforce a right with knowledge that the right does not exist" in violation of MD. CODE ANN., COM. LAW § 14-202(8), MD. CODE ANN., COM. LAW § 13-301(14)(iii), and 15 U.S.C. §1692(e)(10).

(c) Whether Asset Acceptance by attempting to collect additional prejudgment interest without complying with the TILA was an attempt to "enforce a right with knowledge that the right does not exist" in violation of MD. CODE ANN., COM. LAW § 14-202(8), MD. CODE ANN., COM. LAW § 13-301(14)(iii), and 15 USC §1692(e)(10).

(d) Whether Asset Acceptance by misrepresenting the amount of principal owed in its pleadings engaged in unfair and deceptive trade practices in the collection of consumer debts in contravention of MD. CODE ANN., COM. LAW § 13-303(5).

26. Claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Maryland Rule 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Asset Acceptance. The prosecution of separate actions by individual members of the Interest Overcharge class would create a risk of establishing incompatible standards of conduct for Asset Acceptance, within the meaning of Maryland Rule 2-231(b)(1)(A).

27. Asset Acceptance's actions are applicable to the Interest Overcharge class as a whole, and Plaintiffs seek equitable remedies with respect to the Class as a whole, within the meaning of Maryland Rule 2-231(b)(2).

28. Common questions of law and fact enumerated above predominate over questions

affecting only individual members of the Interest Overcharge Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the Interest Overcharge Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and the fact that Asset Acceptance affirmatively misrepresents to consumers their rights and obligations. Plaintiff's counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action. Named Plaintiff is adequate and will fairly represent the interests of the Repossession Class in accordance with their affirmative obligations and fiduciary duties.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT
## ON BEHALF OF THE INTEREST OVERCHARGE CLASS

29. Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

30. Defendant Asset Acceptance violated the FDCPA in the following ways:

   (a) Falsely representing the amount of "principal" owing in its pleadings in contravention of 15 U.S.C. §1692(e)(2)(A);

   (b) Attempting to collect additional prejudgment interest on an amount misrepresented as "principal" in contravention of 15 U.S.C. §1692(e)(2) and (10).

   (c) Attempting to collect additional interest that was not a legally enforceable right because it failed to comply with the TILA in contravention of 15 U.S.C. §1692(e)(2).

31. Pursuant to 15 U.S.C. §1692(k) Named Plaintiff and the class members are entitled to

statutory damages and attorneys' fees.

WHEREFORE, Named Plaintiff individually and on behalf of other's similarly situated requests that a judgment be entered in her favor and in favor of the class against Defendant Asset Acceptance, LLC for:

    (a) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

    (b) Statutory damages pursuant to 15 U.S.C. §1692(k);

    (c) Attorney's fees pursuant to 15 U.S.C. §1692(k);

    (d) Other relief as this court deems fair and equitable.

## COUNT TWO
### MARYLAND CONSUMER DEBT COLLECTION ACT ON BEHALF OF INTEREST OVERCHARGE CLASS

32. The Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

33. Defendant Asset Acceptance violated the Maryland Consumer Debt Collection Practices Act by attempting to collect additional prejudgment interest on an amount misrepresented as "principal" with knowledge that the right does not exist in contravention of MD. CODE ANN., COM. LAW § 14-202(8).

34. Defendant Asset Acceptance violated the Maryland Consumer Debt Collection Practices Act in by attempting to collect additional prejudgment interest that was not legally enforceable by the Defendant since it did not comply with the TILA with knowledge that the right does not exist in contravention of MD. CODE ANN., COM. LAW § 14-202(8).

35. Named Plaintiff and members of the class were damaged by these violations in that

they had to incur more prejudgment interest than the Defendant was legally entitled to.

36. Pursuant to MD. CODE ANN., COM. LAW § 14-203 Defendant is liable for these damages.

WHEREFORE, Named Plaintiff individually and on behalf of others similarly situated requests that a judgment be entered in her favor and in favor of the class against Defendant Asset Acceptance, LLC for:

    (a) Declaratory judgment that Defendant's conduct violated the Maryland Consumer Debt Collection Act;

    (b) Compensatory Damages in excess of $75,000;

    (c) Other relief as this court deems fair and equitable.

## COUNT THREE
## MARYLAND CONSUMER PROTECTION ACT
## ON BEHALF OF THE INTEREST OVERCHARGE CLASS

37. The Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

38. Defendant Asset Acceptance violated the Maryland Consumer Protection Act by engaging in unfair and deceptive trade practices in the collection of consumer debts in contravention of MD. CODE ANN., COM. LAW § 13-303(5).

39. Pursuant to MD. CODE ANN., COM. LAW § 13-301(14)(iii) a violation of the Maryland Consumer Debt Collection Practices Act is a *per se* violation of the Maryland Consumer Protection Act.

40. Pursuant to MD. CODE ANN., COM. LAW § 13-408(a) the Named Plaintiff and class members are entitled to damages resulting from these violations

41. Pursuant to MD. CODE ANN., COM. LAW § 13-408(b) the Named Plaintiff and class members are entitled to reasonable attorney's fees.

WHEREFORE, Named Plaintiff individually and on behalf of other's similarly situated requests that a judgment be entered in her favor and in favor of the class against Defendant Asset Acceptance, LLC for:

    (a) Declaratory judgment that Defendant's conduct violated the Maryland Consumer Protection Act;

    (b) Compensatory Damages in excess of 75,000;

    (c) Reasonable Attorneys' Fees; and

    (d) Other relief as this court deems fair and equitable.

Respectfully submitted,

JANE SANTONI
Williams and Santoni, LLP
401 Washington Ave., Ste. 200
Towson, MD 21204
(410) 938-8666

SCOTT C. BORISON
Legg Law Firm, LLC
1900 S. Norfolk St.
Suite 350
San Mateo CA 94403
(301) 620-1016
Fax 301 620-1018
borison@legglaw.com

ATTORNEYS FOR THE NAMED PLAINTIFF AND THE INTEREST OVERCHARGE CLASS

## DEMAND FOR JURY TRIAL

Named Plaintiff respectfully demands trial by jury.

_____
JANE SANTONI